## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## MONROE DIVISION

| | |
|---|---|
| **GARY VAN DANIELS** | **CIVIL ACTION NO. 3:15-cv-2124** |
| **FED. REG. # 08904-035** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **PERRY FLEMING, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Gary Van Daniels, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on July 31, 2015.  Plaintiff is an inmate in the

Richland Parish Detention Center. Plaintiff claims that he was falsely arrested and convicted of

possession with intent to distribute cocaine base on July 6, 2014. He sued the police officers and

the convict he claims was the confidential informant employed by the police in their

investigation. Plaintiff seeks his immediate release from custody, the reversal of his July 6, 2014,

conviction and money damages for the time he was incarcerated as a result of the conviction.

This matter has been referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the

following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE**

as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

According to plaintiff, various police officials engaged in illegal tactics in 2002 which

resulted in plaintiff's arrest on drug charges. Thereafter, in 2003 and 2004 illegal tactics were

employed to gather incriminating evidence. Plaintiff was ultimately convicted of possession with

intent to distribute cocaine base in a Louisiana court and sentenced to serve an unspecified prison term. Plaintiff seeks the reversal of his conviction, his immediate release from custody, and money damages for the time he spent in illegal custody.

### Law and Analysis

#### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

#### 2. Habeas Corpus

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it appears that in addition to money damages he seeks to obtain the reversal of his

2

conviction and his immediate release from custody.  Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief filed pursuant to 28 U.S.C. § 2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

### 3. *Heck v. Humphrey*

Plaintiff contends that he was falsely arrested, prosecuted, and convicted, and, in addition to his release from custody, he seeks money damages for wrongful arrest and imprisonment. Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he was falsely arrested, convicted, and imprisoned, he has no damages claim against any defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or his present confinement.)

Plaintiff's claims for damages for false arrest, conviction, and imprisonment are

frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996)(A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." )

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).  Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers, Monroe, Louisiana, September 29, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**

4